UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUWA R. VINYARD, | Case No. 2:24-cv-2244-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| KONRAD, *et al.*, | |
| Defendants. | |

Plaintiff Joshuwa Vinyard, a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983, sues Captain Konrad. The complaint alleges a viable excessive force claim that can proceed past screening. However, plaintiff's retaliation and due process claims are insufficient. Accordingly, plaintiff must decide whether to proceed only with the viable claim, or to delay serving defendant and to file an amended complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

1

1  claim upon which relief may be granted, or that seeks monetary relief from a defendant who is
2  immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

21  The complaint alleges that on January 5, 2024, defendant Captain Konrad issued a false extraction order for plaintiff to appear in court. ECF No. 1 at 3. During the extraction, defendant ordered other officers to use unauthorized and unsanctioned restraints on plaintiff, and defendant attacked plaintiff, choked him, and dislocated his shoulder. *Id.* at 3-7. Defendant also ordered that plaintiff's clothes be cut off in front of other officers and bystanders, denied his request for medical treatment, and ordered plaintiff's property to be "lost." *Id.* at 3-4. Plaintiff further alleges that defendant attempted to report plaintiff for disciplinary charges, but that those charges

1  "disappeared" because defendant did not want the video footage to be reviewed during a use of
2  force interview. *Id.* at 5-6.

3        The complaint, for purposes of screening, states a potentially viable claim for excessive
4  force. However, plaintiff's claims for retaliation and due process are not viable. Plaintiff may
5  elect to purse only the viable claim of excessive force, or he may file an amended complaint that
6  addresses the deficiencies noted below. Should plaintiff choose to file an amended complaint,
7  defendant Konrad will not be served until the new complaint is screened.

8        A claim of retaliation under the First Amendment has five elements: "(1) [a]n assertion
9  that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's
10 protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment
11 rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v.*
12 *Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff claims that after the assault, defendant
13 removed plaintiff's property, but he does not allege that defendant took that action because
14 plaintiff engaged in protected conduct or that defendant did so in an effort to chill plaintiff's
15 exercise of his First Amendment rights. And even accepting as true plaintiff's allegation that the
16 disciplinary report contained false information, plaintiff does not have a constitutional right to be
17 free from wrongfully issued disciplinary reports. *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222
18 (S.D. Cal. 1997), *aff'd*, 168 F.3d 498 (9th Cir. 1999); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d
19 Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or
20 wrongly accused of conduct which may result in the deprivation of a protected liberty interest.").
21 Moreover, plaintiff claims that defendant never filed the disciplinary report. Accordingly,
22 plaintiff's retaliation and due process claims cannot proceed in their current form.

23       Accordingly, it is hereby ORDERED that:

24       1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

25       2. Within thirty days from the service of this order, plaintiff must indicate his intent to
26 proceed only with his excessive force claim against defendant Konrad, or he must file another
27 amended complaint. If he selects the latter, no defendants will be served until the new complaint
28 is screened.

1   3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   January 28, 2025

                    JEREMY D. PETERSON
                    UNITED STATES MAGISTRATE JUDGE